UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL CROCKER, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | 3:14-cv- 292 (    ) |
| v. | : | |
| | : | |
| NEW HAVEN TRUCK AND AUTO BODY, INC., | : | |
| | : | |
| Defendant. | : | March 7, 2014 |

## COMPLAINT

### I.   INTRODUCTION

1. The plaintiff, Michael Crocker, brings this action against his former employer, defendant New Haven Truck and Auto Body, Inc., for violation of the Fair Labor Standards Act (FLSA) and the Connecticut Minimum Wage Act (CMWA) and for breach of contract.

2. The defendant misclassified the plaintiff as exempt under federal and state overtime laws and failed to pay him overtime pay when he worked more than 40 hours in a workweek.

3. The defendant breached a written employment contract with the plaintiff insofar as the defendant terminated the plaintiff without good or just cause.

4. The plaintiff alleges that he is entitled to unpaid wages from the defendant for all overtime hours worked by him and to liquidated and other damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

5. The plaintiff further alleges that he is entitled to unpaid wages from the defendant for all overtime hours worked by him and to penalty and other damages, pursuant to the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

6. The plaintiff further alleges that he is entitled to damages equaling the expected value of his employment contract, pursuant to Connecticut common law.

7. The plaintiff requests a trial by jury on all issues triable to a jury.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over the plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the plaintiff's Connecticut state law claims pursuant to 28 U.S.C. § 1367, since those claims are so related to his FLSA claims that they form part of the same case or controversy.

9. Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper within this district because the plaintiff lives and works in Connecticut, the defendant is located in Connecticut, and the conduct underlying the plaintiff's claims occurred in Connecticut.

## III. PARTIES

10. The plaintiff, Michael Crocker, is a natural person, a citizen of Connecticut, and a resident of Wallingford, Connecticut.

11. The defendant, New Haven Truck and Auto Body, Inc. is a corporation organized under the laws of Connecticut and doing business in Connecticut.

12. New Haven Truck and Auto Body is an employer within the meaning of the FLSA and the CMWA.

## IV.     FACTS

### A.     Overtime

13.     Mr. Crocker began his employment with New Haven Truck and Auto Body in 2001.  Throughout his employment, he worked as an automobile painter.

14.     Mr. Crocker was initially paid on an hourly basis.

15.     In approximately 2007 or 2008, New Haven Truck and Auto Body started paying Mr. Crocker a salary, and it stopped paying him an overtime premium for any hours worked over 40 in a given week.

16.     Subsequently, with the exception of approximately four months in 2013, when he was classified as a non-exempt employee, New Haven Truck and Auto Body classified Mr. Crocker as exempt from the overtime requirements of the FLSA and CMWA.

17.     As an automobile painter, Mr. Crocker's primary responsibility was to paint the automobiles of New Haven Truck and Auto Body's customers.

18.     Mr. Crocker's primary duties as an automobile painter did not render him an exempt employee under any recognized exemption.  Accordingly, he should have been paid overtime wages under the FLSA and CMWA.

19.     Mr. Crocker routinely worked more than 40 hours per week.

20.     During the time that he was improperly classified as an exempt employee, Mr. Crocker was not paid any additional compensation for the hours he worked beyond 40 each week.

21.     The decision to classify Mr. Crocker as exempt was made by one or more New Haven Truck and Auto Body's executives for the sole purpose of denying Mr. Crocker overtime pay.

22. Mr. Crocker's primary duties were not exempt, and therefore New Haven Truck and Auto Body was not allowed to deny him overtime pay.

**B.      Contract**

23. From approximately 2006 or 2007 to approximately January 2013, New Haven Truck and Auto Body paid Mr. Crocker on a salaried basis.

24. From approximately January 2013 to approximately April 2013, New Haven Truck and Auto Body paid Mr. Crocker on an hourly basis.

25. In approximately April 2013, New Haven Truck and Auto Body decided to return Mr. Crocker to payment on a salaried basis, and it in fact did so.

26. At that time, New Haven Truck and Auto Body owner William Snow presented Mr. Crocker with a written employment contract.

27. According to its written terms, the contract went into effect for the week ending April 28, 2013, and it expired on January 1, 2014, subject to renegotiation by the parties.

28. The contract listed Mr. Crocker's salary and summarized his job duties.

29. Mr. Crocker signed the contract and returned it to Mr. Snow.

30. On November 23, 2013, New Haven Truck and Auto Body owner William Snow terminated Mr. Crocker's employment at New Haven Truck and Auto Body.

31. Mr. Crocker performed his job duties satisfactorily at all times, and he committed no acts or omissions that constituted good or just cause for termination under his contract.

32. New Haven Truck and Auto Body did not have good or just cause to terminate Mr. Crocker's employment.

**V.      LEGAL CLAIMS**

**FIRST COUNT:            VIOLATION OF THE FAIR LABOR STANDARDS ACT**

33.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 22 above.

34.     Based on the foregoing, New Haven Truck and Auto Body committed a willful violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

35.     The plaintiff is entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees, and court costs.

**SECOND COUNT:          VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT**

36.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 22 above.

37.     Based on the foregoing, New Haven Truck and Auto Body committed a violation of the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

38.     New Haven Truck and Auto Body's conduct in violation of the CMWA was unreasonable, arbitrary, and/or in bad faith.

39.     Accordingly, the plaintiff is entitled to compensation for all overtime hours worked, interest, penalty damages, attorneys' fees, and court costs.

**THIRD COUNT:           BREACH OF WRITTEN CONTRACT**

40.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 11 and 23 through 32 above.

41.     Mr. Crocker had an employment contract with New Haven Truck and Auto Body.

42.     The contract had a definite or determinable term.

43.     By virtue of the contract's definite or determinable term, New Haven Truck and Auto Body could only terminate Mr. Crocker under the contract for good or just cause.

44.     New Haven Truck and Auto Body breached its contract with Mr. Crocker by terminating him without good or just cause.

45.     As a result of New Haven Truck and Auto Body's breach of contract, Mr. Crocker has suffered economic losses.

WHEREFORE, Mr. Crocker requests that this Court award the following damages:

    a.  An award of unpaid overtime wages under the FLSA;
    b.  An award of unpaid overtime wages under the CMWA;
    c.  An award of liquidated damages under the FLSA;
    d.  An award of penalty damages under CMWA;
    e.  Attorneys' fees under the FLSA and CMWA;
    f.  Interest under the CMWA;
    g.  The expectation value of his employment contract; and
    h.  Any other remedy that may appear to be just and proper.

By:    /s/ Joshua R. Goodbaum
Joshua R. Goodbaum (*Fed. Bar #: ct28834*)
GARRISON, LEVIN-EPSTEIN, RICHARDSON,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, Connecticut  06511
Tel.:  (203) 777-4425
Fax:  (203) 776-3965
jgoodbaum@garrisonlaw.com