UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL CROCKER,** | : | |
| | : | **CIVIL ACTION NO.:** |
| Plaintiff, | : | |
| | : | 3:14-cv-292 (AWT) |
| v. | : | |
| | : | |
| **NEW HAVEN TRUCK AND** | : | |
| **AUTO BODY, INC., and** | : | |
| **WILLIAM SNOW, SR.,** | : | |
| | : | |
| Defendants. | : | May 30, 2014 |

## SECOND AMENDED COMPLAINT

**I.  INTRODUCTION**

1. The plaintiff, Michael Crocker, brings this action against his former employers, defendant New Haven Truck and Auto Body, Inc. ("New Haven Truck") and defendant William Snow, Sr., for violations of the Fair Labor Standards Act (FLSA) and the Connecticut Minimum Wage Act (CMWA) and for breach of contract.

2. The defendants misclassified the plaintiff as exempt under federal and state overtime laws and failed to pay him overtime pay when he worked more than 40 hours in a workweek.

3. Defendant New Haven Truck breached a written employment contract with the plaintiff insofar as it terminated him without good or just cause.

4. Defendant New Haven Truck retaliated against the plaintiff insofar as it filed against him a counterclaim that had no basis in law or fact.

5. The plaintiff alleges that he is entitled to unpaid wages from the defendants for all overtime hours worked by him and to liquidated and other damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

6. The plaintiff further alleges that he is entitled to unpaid wages from the defendants for all overtime hours worked by him and to penalty and other damages, pursuant to the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

7. The plaintiff further alleges that he is entitled to damages equaling the expected value of his employment contract, pursuant to Connecticut common law, from Defendant New Haven Truck.

8. The plaintiff further alleges that he is entitled to the costs and fees he incurs in defending himself against Defendant New Haven Truck's retaliatory counterclaim.

9. The plaintiff requests a trial by jury on all issues triable to a jury.

## II.     JURISDICTION AND VENUE

10. This Court has jurisdiction over the plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the plaintiff's Connecticut state law claims pursuant to 28 U.S.C. § 1367, since those claims are so related to his FLSA claims that they form part of the same case or controversy.

11. Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper within this District because the plaintiff lives and works in Connecticut, the defendants are located in Connecticut, and the conduct underlying the plaintiff's claims occurred in Connecticut.

## III.    PARTIES

12. The plaintiff, Michael Crocker, is a natural person, a citizen of Connecticut, and a resident of Wallingford, Connecticut.

13. The defendant, New Haven Truck and Auto Body, Inc. is a corporation organized under the laws of Connecticut and doing business in Connecticut.

14. The defendant, William Snow, Sr. is a natural person, a citizen of Connecticut, and, upon information and belief, a resident of Branford, Connecticut.

15. At all times discussed herein, until the plaintiff's termination, New Haven Truck was the plaintiff's employer within the meaning of the FLSA and the CMWA.

16. At all times discussed herein, until the plaintiff's termination, Mr. Snow was the plaintiff's employer within the meaning of the FLSA and the CMWA.

## IV. FACTS

### A. Overtime

17. At all times discussed herein, Mr. Snow was the owner and operator of New Haven Truck.

18. New Haven Truck and Mr. Snow are jointly responsible for the failure to pay Mr. Crocker the overtime to which he was entitled.

19. Mr. Crocker began his employment with the defendants in 2001. Throughout his employment, he worked as an automobile painter.

20. Mr. Crocker was initially paid on an hourly basis.

21. In approximately 2007 or 2008, the defendants started paying Mr. Crocker a salary, and they stopped paying him an overtime premium for any hours worked over 40 in a given week.

22. Subsequently, with the exception of approximately four months in 2013, when he was classified as a non-exempt employee, the defendants classified Mr. Crocker as exempt from the overtime requirements of the FLSA and CMWA.

23. As an automobile painter, Mr. Crocker's primary responsibility was to paint the automobiles of New Haven Truck's customers.

24. Mr. Crocker's primary duties as an automobile painter did not render him an exempt employee under any recognized exemption. Accordingly, he should have been paid overtime wages under the FLSA and CMWA.

25. Mr. Crocker routinely worked more than 40 hours per week.

26. During the time that he was improperly classified as an exempt employee, Mr. Crocker was not paid any additional compensation for the hours he worked beyond 40 each week.

27. The decision to classify Mr. Crocker as exempt was made by one or more New Haven Truck executives for the sole purpose of denying Mr. Crocker overtime pay.

28. Mr. Crocker's primary duties were not exempt, and therefore the defendants were not allowed to deny him overtime pay.

**B.** **Contract**

29. From approximately 2006 or 2007 to approximately January 2013, New Haven Truck paid Mr. Crocker on a salaried basis.

30. From approximately January 2013 to approximately April 2013, New Haven Truck paid Mr. Crocker on an hourly basis.

31. In approximately April 2013, New Haven Truck decided to return Mr. Crocker to payment on a salaried basis, and it in fact did so.

32. At that time, Defendant Mr. Snow presented Mr. Crocker with a written employment contract.

33. According to its written terms, the contract went into effect for the week ending April 28, 2013, and it expired on January 1, 2014, subject to renegotiation by the parties.

34. The contract listed Mr. Crocker's salary and summarized his job duties.

35. Mr. Crocker signed the contract and returned it to Mr. Snow.

36. On November 23, 2013, Mr. Snow terminated Mr. Crocker's employment at New Haven Truck.

37. Mr. Crocker performed his job duties satisfactorily at all times, and he committed no acts or omissions that constituted good or just cause for termination under his contract.

38. New Haven Truck did not have good or just cause to terminate Mr. Crocker's employment.

**C.** **Retaliation**

39. Mr. Crocker filed a federal court complaint on March 7, 2014, alleging that New Haven Truck had violated his rights under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, among other claims.

40. New Haven Truck filed its answer to Mr. Crocker's complaint on April 16, 2014.

41. In that same pleading, New Haven Truck asserted a counterclaim against Mr. Crocker for breach of fiduciary duty.

42. New Haven Truck's counterclaim against Mr. Crocker lacked any reasonable basis in law or fact, insofar as Mr. Crocker did not owe New Haven Truck a fiduciary duty, did not "allow[] a customer to retrieve an automobile which had not been paid for in direct violation the instructions given to him," and did not "owe[] monies to the same third party for an unrelated matter." (Dkt. No. 12, Def.'s Ans., Aff. Defenses, & Counterclaim.)

### V. LEGAL CLAIMS

**FIRST COUNT:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT – UNPAID OVERTIME – as to New Haven Truck**

43. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 28 above.

44. Based on the foregoing, New Haven Truck committed a willful violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

45. The plaintiff is entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees, and court costs.

**SECOND COUNT:** **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT – UNPAID OVERTIME – as to New Haven Truck**

46. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 28 above.

47. Based on the foregoing, New Haven Truck and Auto Body committed a violation of the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

48. New Haven Truck and Auto Body's conduct in violation of the CMWA was unreasonable, arbitrary, and/or in bad faith.

49. Accordingly, the plaintiff is entitled to compensation for all overtime hours worked, interest, penalty damages, attorneys' fees, and court costs.

**THIRD COUNT:** **BREACH OF WRITTEN CONTRACT – as to New Haven Truck**

50. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 16 and 29 through 38 above.

51. Mr. Crocker had an employment contract with New Haven Truck.

52. The contract had a definite or determinable term.

53. By virtue of the contract's definite or determinable term, New Haven Truck could only terminate Mr. Crocker under the contract for good or just cause.

54. New Haven Truck breached its contract with Mr. Crocker by terminating him without good or just cause.

55. As a result of New Haven Truck's breach of contract, Mr. Crocker has suffered economic losses.

**FOURTH COUNT:    VIOLATION OF THE FAIR LABOR STANDARDS ACT – RETALIATION – as to New Haven Truck**

56. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 16 and 39 through 42 above.

57. Mr. Crocker engaged in protected activity under the FLSA, 29 U.S.C. § 215(a)(3).

58. New Haven Truck was aware that Mr. Crocker engaged in protected activity under the FLSA.

59. The counterclaim filed by New Haven Truck lacked any reasonable basis in law or fact.

60. New Haven Truck filed its counterclaim against Mr. Crocker in order to retaliate against him for seeking unpaid overtime compensation under the FLSA, in violation of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

61. New Haven Truck's counterclaim against Mr. Crocker might have dissuaded a reasonable worker from making or supporting a claim for unpaid overtime under the FLSA.

62. As a result of New Haven Truck's retaliation, Mr. Crocker has suffered and continues to suffer damages, including economic damages and emotional distress.

**FIFTH COUNT:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT – UNPAID OVERTIME – as to William Snow**

63. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 28 above.

64. Based on the foregoing, Mr. Snow committed a willful violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

65. The plaintiff is entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees, and court costs.

**SIXTH COUNT:** **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT – UNPAID OVERTIME – as to William Snow**

66. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 28 above.

67. Based on the foregoing, Mr. Snow committed a violation of the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

68. Mr. Snow's conduct in violation of the CMWA was unreasonable, arbitrary, and/or in bad faith.

69. Accordingly, the plaintiff is entitled to compensation for all overtime hours worked, interest, penalty damages, attorneys' fees, and court costs.

WHEREFORE, Mr. Crocker requests that this Court award the following damages:

    a.    An award of unpaid overtime wages under the FLSA;

    b.    An award of unpaid overtime wages under the CMWA;

    c.    An award of liquidated damages under the FLSA;

    d.    An award of penalty damages under CMWA;

    e.    Attorneys' fees under the FLSA and CMWA;

    f.    Interest under the CMWA;

    g.    The expectation value of his employment contract;

    h.    The costs, fees, and emotional distress incurred in defending himself against the defendant's retaliatory counterclaim; and

    i.    Any other remedy that may appear to be just and proper.


By:    */s/ Joshua R. Goodbaum*
Joshua R. Goodbaum (*Fed. Bar #: ct28834*)
GARRISON, LEVIN-EPSTEIN, RICHARDSON,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, Connecticut  06511
Tel.:  (203) 777-4425
Fax:  (203) 776-3965
jgoodbaum@garrisonlaw.com

**CERTIFICATION**

      I HEREBY CERTIFY that on this  30th  day of May, 2014, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

                                                   */s/ Joshua R. Goodbaum*
                                                   Joshua R. Goodbaum  (*ct28834*)